
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID A. PHILIP, | No. 11-18008 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01431-PMP-CWH |
| v. | |
| BAC HOME LOANS SERVICING, LP; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Submitted May 15, 2014[**]
San Francisco, California

Before: RIPPLE,[***] SILVERMAN, and GOULD, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

David A. Philip appeals pro se from the district court's judgment dismissing his action arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *King v. California*, 784 F.2d 910, 912 (9th Cir. 1986). We affirm.

The district court properly dismissed Philip's wrongful foreclosure and quiet title claims because Philip did not allege facts showing that he was not in default on his loan when defendants initiated non-judicial foreclosure proceedings. *See Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) (per curiam) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself."); *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983) (wrongful foreclosure claim requires allegation that a lender exercised the power of sale and foreclosed upon property when no failure of performance existed on the part of the borrower).

The district court properly dismissed Philip's slander of title claim because Philip did not allege a false and malicious communication disparaging his title and causing damage. *See Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983) (per curiam).

The district court properly dismissed Philip's civil conspiracy and injunctive relief claims after dismissing the underlying causes of action. *See, e.g.*,

*Eikelberger v. Tolotti*, 611 P.2d 1086, 1088 (Nev. 1980) (conspiracy action for damages generally must be based on a viable, independent cause of action).

Philip's contentions that defendants lacked standing to pursue foreclosure, and that the assignments transferring the interest in the promissory note and deed of trust are invalid, in part because of the use of Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary of the deed of trust and lender's nominee, are foreclosed by *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 259-60, 262 (Nev. 2012) (en banc) (separating the instruments does not permanently bar foreclosure, and an entity has authority to pursue foreclosure when it is entitled to enforce both the deed of trust and the note); *see also Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1044 (9th Cir. 2011) (MERS may act as a beneficiary of the trust deed).

**AFFIRMED.**